

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

THE HERSHEY COMPANY and
HERSHEY CHOCOLATE
& CONFECTIONERY CORPORATION,

        Plaintiffs,

      v.

SWITZER CANDY COMPANY

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. _____

# 1:CV 06-0143

## COMPLAINT

Plaintiffs The Hershey Company ("Hershey Co.") and Hershey Chocolate &

Confectionery Corporation ("Hershey Chocolate") (hereinafter collectively

referred to as "Hershey"), for their complaint against defendant Switzer Candy

Company ("Switzer") for trademark infringement, dilution and unfair competition,

plead and allege as follows:

## NATURE AND BASIS OF THE ACTION

1.    This action is brought by Hershey against Switzer under the Lanham

Act, 15 U.S.C. §§ 1114 and 1125, and state law, seeking preliminary and

permanent injunctive relief, profits, damages and other relief relating to

defendant's use of the term SWITZER as a trade and/or service mark in connection

with a candy licorice product. Hershey Chocolate owns the famous, federally-registered trademark SWITZER®, which has been used in the United States by Hershey and its predecessors in interest since as early as 1962 in connection with a candy licorice product sold throughout the United States. An example of Hershey's packaging featuring the SWITZER® mark is attached hereto as Exhibit A. Hershey's SWITZER® brand product has achieved substantial sales and the SWITZER® product and mark are well known to purchasers.

2.     Defendant, with full knowledge of the existence of Hershey's SWITZER® mark, has adopted the identical or virtually identical mark to identify a candy licorice product that is offered to consumers, wholesalers, and retailers in various channels of trade, including, on information and belief, Target Stores and Cracker Barrel Old Country Stores, and has adopted the trade name Switzer to identify itself.

3.     The use by defendant of the Switzer mark as a trademark and trade name infringes the SWITZER® mark and unlawfully trades on the goodwill and reputation Hershey and its predecessors in interest have established through their use and promotion of the SWITZER® mark. Defendant's infringement of Hershey's SWITZER® mark is likely to cause purchasers, consumers, and others to be confused or mistaken into believing that defendant and its Switzer product originate with, are sponsored or approved by, emanate from, or are otherwise

2

associated with, Hershey or the source of the SWITZER® brand product and mark that Hershey and its predecessors in interest have sold since at least 1962, or that Hershey's product is somehow associated with defendant and its products. In addition, defendant's identical or nearly identical Switzer mark dilutes Hershey's distinctive and famous SWITZER® mark.

4.     Unless such acts of infringement, dilution, unfair competition and false designation of origin are enjoined, Hershey will suffer irreparable injury for which there is no adequate remedy at law.

## PARTIES

5.     Hershey Co. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033. Hershey Co. is a major manufacturer and seller of chocolate and candy confectionery and grocery products.

6.     Hershey Chocolate is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4860 Robb Street, Wheat Ridge, Colorado 80033. Hershey Chocolate is a wholly-owned subsidiary of Hershey Co. and has licensed Hershey Co. to use the trademark SWITZER®.

7.     On information and belief, defendant Switzer Candy Company is a corporation organized and existing under the laws of the State of Georgia, with

addresses at *859* Pathview Court, Dacula, Georgia, 30019, and at 27 North Gore Avenue, St. Louis, Missouri, 63119. On information and belief, Switzer is engaged in the business of marketing and/or selling the Switzer product under the Switzer mark throughout the United States, including in the Commonwealth of Pennsylvania and this Judicial District.

## JURISDICTION AND VENUE

8.     The Court has subject matter jurisdiction over the trademark infringement, trademark dilution, false designation of origin and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 133 8(a) & (b). The Court has subject matter jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between plaintiffs and defendant and because the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court also has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a).

9.     The Court has personal jurisdiction over defendant because, upon information and belief, defendant is present and doing business in the Commonwealth of Pennsylvania either directly or through its agents, or, alternatively, because defendant is subject to personal jurisdiction under the principles set forth in Pa. Cons. Stat. Ann. Tit. 54 § 5322.1.

10.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendant is subject to personal jurisdiction in this Judicial District and because a substantial part of the events giving rise to plaintiffs' claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Hershey and the Famous Switzer® Mark

11.   The SWITZER® mark has been used by Hershey and its predecessors in interest to identify candy products since at least as early as 1962. Hershey Chocolate is the owner by assignment of an incontestable, valid, subsisting and existing United States Trademark registration for the trademark SWITZER® for "candy," Registration No. 1,393,452, and its associated good will. A copy of the PTO's Trademark Electronic Search System (TESS) report for the SWITZER® trademark, which was registered on May 13, 1986, is attached hereto as Exhibit B, and a copy of the PTO record reflecting assignment of that registration to Hershey Chocolate is attached as Exhibit C. Hershey also enjoys valid and subsisting common law rights to the trademark SWITZER® as a result of the use of this mark by it and its predecessors in interest throughout the United States to identify its SWITZER® product.

12.   Hershey's SWITZER® candy licorice has achieved significant annual sales. Thus, for example, total sales of SWITZER® candy products for the period

5

1997 through 2004 were in excess of $1.5 million.

13.   By virtue of Hershey's substantial use, sales and promotion of the SWITZER® mark throughout the United States, and the inherently distinctive nature of the mark, the SWITZER® mark has become a well-known mark, has become distinctive of Hershey's product, and has come to serve to identify and indicate the source of Hershey's product to consumers and the trade. Hershey has developed for itself and its SWITZER® brand product substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

14.   In light of the distinctiveness of the SWITZER® mark, the duration and extent of Hershey's sales, its marketing and use of the SWITZER® mark throughout the United States, and the registration of the SWITZER® mark, the SWITZER® mark is distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

**Defendant's Adoption and Use of Its Infringing Switzer Marks**

15.   On information and belief, well after Hershey first obtained rights in, and began using its SWITZER® mark, defendant commenced using the marks and trade names Switzer and Switzer's in connection with the marketing and sale of a candy licorice product. Advertising and packaging for defendant's product prominently feature the Switzer and Switzer's marks. (A copy of a package for

defendant's infringing Switzer candy licorice is attached as Exhibit D).

16.   On information and belief, defendant advertises, distributes and sells its Switzer product throughout the United States, including in the Commonwealth of Pennsylvania. In particular, on information and belief, defendant's Switzer product is sold to wholesalers and retailers, and in retail stores in the United States, such as Target Stores and Cracker Barrel Old Country Stores, including retail stores in the Commonwealth of Pennsylvania, and within this Judicial District.

### Likelihood of Confusion and Injury to Hershey Resulting from Defendant's Unauthorized Use of the Switzer Marks

17.   Defendant has not now and never has been authorized by Hershey or its affiliates to use any Switzer marks in connection with its products.

18.   On information and belief, defendant's Switzer product and Hershey's SWITZER® product have been sold in the same or similar channels of trade. Both products are licorice candy, and have been sold to wholesalers and/or retailers for use by the same types of consumers.

19.   Defendant's use of the Switzer marks is likely to cause confusion, mistake or deception of purchasers, the consuming public and the trade as to the source or origin of its and/or Hershey's goods. Actual and potential purchasers and consumers, upon encountering defendant's products or advertisements bearing the Switzer marks and the trade name Switzer, are likely to mistakenly believe that its goods originate with, or are licensed, approved, or sponsored by, or otherwise

affiliated with or related to, Hershey or its SWITZER® brand product. In addition, actual and potential purchasers, upon encountering Hershey's products or advertisements for its SWITZER® brand product, are likely to mistakenly believe that its goods originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to, defendant or its product.

20.   In addition, defendant's use of its identical Switzer marks is causing and will cause dilution of Hershey's registered SWITZER® mark, by lessening its capacity to identify and distinguish Hershey's products, eroding the distinctiveness and value of the SWITZER® mark, and tarnishing the mark.

21.   Hershey's efforts to develop and expand its use of its SWITZER® mark have been impeded by defendant's use of the identical mark for a virtually identical product, which is threatening to destroy the value of Hershey's SWITZER® brand.

22.   Defendant's acts are causing and will continue to cause damage and irreparable harm to Hershey and to its valuable reputation and goodwill with purchasers and consumers.

## FIRST CLAIM FOR RELIEF

### Infringement of Federally Registered Mark
### (15 U.S.C. § 1114(1)(a))

23.   Plaintiffs repeat and reallege paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.   This claim is for the infringement of a trademark registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

25.   Defendant's Switzer marks and trade name are confusingly similar to, and a colorable imitation of, Hershey's federally registered SWITZER® mark and infringe the U.S. Federal Registration No. 1,393,452. Defendant's unauthorized use of the Switzer marks and trade name is likely to cause confusion or mistake or to deceive the public as to the approval, sponsorship, license, source or origin of its products or Hershey's products.

26.   Defendant's willful and deliberate acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and Unfair Competition
### (15 U.S.C. § 1125(a))

27.   Plaintiffs repeat and reallege paragraphs 1 through 22 of this Complaint as if fully set forth herein.

28.   This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.   By its unauthorized use of the Switzer marks and trade name,

defendant has falsely designated the origin of its products and services and has competed unfairly with plaintiffs, in violation of 15 U.S.C. § 1125(a).

30.   On information and belief, defendant's acts of false designation oforigin and unfair competition have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

31.   Defendant's acts described above have caused injury and damages to plaintiffs, have caused irreparable injury to plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Trademark Dilution
### (15 U.S.C. § 1125(c))

32.   Plaintiffs repeat and reallege paragraphs 1 through 22 of this Complaint as if fully set forth herein.

33.   This claim is for the dilution of a trademark pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

34.   The SWITZER® mark is distinctive and famous within the meaning of 15 U.S.C. § 1 *125(c)(1),* and was distinctive and famous prior to the date of defendant's adoption and use of its Switzer marks and trade name.

*35.*   Defendant's conduct, as described above, is diluting the distinctive

quality of the famous SWITZER® mark, by lessening its capacity to identify and distinguish products marketed and sold by plaintiffs under the SWITZER® mark, and by impeding Hershey's ability to sell products under its SWITZER® mark.

36.   To the extent that defendant's product is viewed as being less than satisfactory to consumers, plaintiffs' business reputation and goodwill and the reputation and goodwill of plaintiffs' famous SWTTZER® mark are being and will be tarnished and injured.

37.   Defendant's acts described above have caused injury to and have damaged plaintiffs' goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

38.   Plaintiffs repeat and reallege paragraphs 1 through 22 of this Complaint as if fully set forth herein.

39.   This claim is for trademark infringement and unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

40.   Defendant's use of its Switzer marks and trade name, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

41.   On information and belief, defendant's acts of common law trademark

infringement, passing off and unfair competition have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

42.     Defendant's acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs' goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Trademark Dilution Under
### Pennsylvania Cons. Stat. Ann. Tit. 54 § 1124

43.     Plaintiffs repeat and reallege paragraphs 1 through 22 of this Complaint as if fully set forth herein.

44.     This claim is for the dilution of trademarks and injury to business or reputation under Pa. Cons. Stat. Ann. Tit. 54 § 1124.

45.     The SWITZER® mark is a famous mark in the Commonwealth of Pennsylvania within the meaning of Pa. Cons. Stat. Ann. Tit. 54 § 1124, and was famous prior to the date of defendant's adoption and use of that mark on packages and in advertising for its candy licorice product and as a trade name.

46.     Defendant's conduct, as described above, is diluting and will dilute the distinctive quality of Hershey's famous SWITZER® mark, thereby lessening the capacity of the mark to identify and distinguish products marketed and sold by

plaintiffs under the SWITZER® mark.

47.    To the extent the defendant's product is viewed as being less than satisfactory to consumers, plaintiffs' business reputation and goodwill and the reputation and goodwill of plaintiffs' famous marks are being and will be tarnished and injured.

48.    Defendant's acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs' goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Hershey prays that this Court enter judgment against defendant as follows:

A.    Granting preliminary and permanent injunctive relief restraining defendant, its officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with defendant and all those in privity or active concert or participation with any of the foregoing (including without limitation each distributor or reseller of defendant's Switzer product), and all those who receive actual notice by personal service or otherwise:

(1)    from using, orally, in writing or in any media, the name, word or

mark Switzer, Switzer's, or any other name, word or mark confusingly similar to plaintiffs' trademark SWITZER® for any purpose; and

(2)    from otherwise competing unfairly with plaintiffs;

B.    Ordering that defendant be adjudged to have violated Sections 32,43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), to have committed acts of trademark infringement and unfair competition in violation of state common law, and to have caused trademark dilution in violation of Pennsylvania Cons. Stat Ann. Title 54 § 1124;

C.    Ordering an accounting of all gains, profits, savings and advantages realized by defendant from its aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition;

D.    Awarding such damages as plaintiffs shall establish in consequence of defendant's aforesaid acts of trademark infringement and dilution, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiffs for their damages, pursuant to 15 U.S.C. § 1117(a);

E.    Ordering defendant to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendant's acts of trademark infringement and dilution, false designation of origin and unfair

competition, the content, nature, form and extent of which is to be approved by plaintiffs and this Court;

F.     Ordering defendant to recall from all chains of distribution all goods, product packaging, promotional materials, advertisements, commercials, infomercials and other items, the dissemination by defendant of which would violate the injunction herein granted;

G.     Ordering defendant to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendant which, if sold, displayed or used, would violate the injunction herein granted;

H.     Ordering defendant to pay for and cause to be disseminated to each distributor and reseller of the Switzer product a notice advising said persons of defendant's acts of trademark infringement and dilution, false designation of origin and unfair competition and advising of the issuance and content of the injunction herein granted;

I.     Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendant shall serve upon plaintiffs within thirty (30) days after service on defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which

defendant has complied with the injunction;

J.    Awarding plaintiffs their costs and expenses of this action;

K.    Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendant's acts of trademark infringement and dilution, false advertising and unfair competition, and awarding plaintiffs their reasonable attorneys' fees; and proper.

L.    Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By

Harvey Freedenberg
Alan R. Boynton, Jr.
100 Pine Street
P. O. Box 1166
Harrisburg, PA  17108-1166
Telephone: (717) 237-5267
Facsimile: (717) 237-5300

*Attorneys for Plaintiffs*

Of counsel:

Paul C. Llewellyn
Christopher D. Baker
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-7154

Dated:  January 19, 2006

16